**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NICHOLAS PEARSON, individually, and on behalf of all others similarly situated, ) ) ) | |
| ) | Case No. 11-CV-3278 |
| Plaintiffs, ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| STANDARD BANK AND TRUST CO., ) and Illinois corporation, ) | |
| ) | |
| Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiff Nicholas Pearson ("Plaintiff"), on behalf of himself and all others similarly situated, alleges upon knowledge with respect to himself and his own acts and upon information and belief based, in part, on the investigation of counsel, as follows for his Class Action Complaint against Defendant Standard Bank and Trust Co. ("Defendant"):

## INTRODUCTION

1.      Plaintiff brings this action, individually and on behalf of all others similarly situated, against Defendant alleging violations of the Electronic Fund Transfers Act, 15 U.S.C. § 1693 *et seq*. and Regulation E, 12 C.F.R. § 205 *et seq*.[1]

## THE PARTIES

2.      Plaintiff is an Illinois citizen and resides in this District.

3.      Defendant is an Illinois corporation with its corporate office located at 7800 West 95th Street, Hickory Hills, Illinois, 60457, and its principal place of business located in Chicago, Illinois.

---

[1]      Regulation E, 12 C.F.R. § 205.1 *et seq.*, contains regulations promulgated by the Board of Governors of the Federal Reserve System to implement the Electronic Funds Transfer Act 15 U.S.C. § 1693 *et seq.*

## JURISDICTION AND VENUE

4.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq,* and Regulation E, 12 C.F.R. § 205.1 *et seq*.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the transactions at issue occurred in this District, Plaintiff resides in this District, and Defendant resides in this District.

## STATUTORY/REGULATORY AUTHORITY

6.     Defendant is an "automated teller machine operator" as that term is defined by 12 C.F.R. § 205.16(a), which states: "Automated teller machine operator means any person that operates an automated teller machine at which a consumer initiates an electronic fund transfer or a balance inquiry and that does not hold the account to or from which the transfer is made, or about which an inquiry is made."

7.     Plaintiff, and all others similarly situated, are "consumer[s]" as defined by 12 C.F.R. § 205.2(e).

8.     15 U.S.C. § 1693 *et seq*. and its implementing Regulation E, 12 C.F.R. § 205.1 *et seq*., requires an ATM operator to provide two separate types of fee notices to consumers in two different locations. Specifically, 15 U.S.C. § 1693 *et seq*. and its implementing Regulation E, 12 C.F.R. § 205.1 *et seq*. requires that an ATM operator place fee notices **both**: (1) on or at the ATM ***and*** (2) upon the screen. Moreover, these fee notices must state that the operator will impose a fee on consumers for conducting a host transfer services transaction at an ATM and the amount of such a fee.

9.     Specifically, 12 C.F.R. § 205.16(c) states:

(c) *Notice requirement.* To meet the requirements of paragraph (b) of this section, an automated teller machine operator must comply with the following:

(1) *On the machine.* Post in a prominent and conspicuous location on or at the automated teller machine a notice that:

    (i) A fee will be imposed for providing electronic fund transfer services or for a balance inquiry; or

    (ii) A fee may be imposed for providing electronic fund transfer services or for a balance inquiry, but the notice in this paragraph (c)(1)(ii) may be substituted for the notice in paragraph (c)(1)(i) only if there are circumstances under which a fee will not be imposed for such services; and

(2) *Screen or paper notice.* Provide the notice required by paragraphs (b)(1) and (b)(2) of this section either by showing it on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying a fee. The EFTA prohibits "fees not properly disclosed and explicitly assumed by [the] consumer." 15 U.S.C. § 1693b(d)(3)(c).

(italics in original).

10.     15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. § 205.16(e) prohibit the imposition of a fee for using an ATM if the foregoing notice requirements are not met.

**FACTS RELATING TO PLAINTIFF**

11.     On May 7, 2011, Plaintiff withdrew money from an ATM terminal located at Olympia Fields Country Club, 2800 Country Club Drive, in the city of Olympia Fields, state of Illinois (the "ATM").

12.     Plaintiff was charged a $2.50 fee to withdraw money from the ATM. (*See* Plaintiff's receipt for the foregoing transaction, attached hereto as Exhibit A.)

13.     At the time Plaintiff used the ATM, there was no notice posted on or near the ATM that disclosed that users will or may be charged a fee to conduct an electronic fund transfer. (*See* Photograph of the ATM attached hereto as Exhibit B.)

## CLASS ALLEGATIONS

14.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2)

and Rule 23(b)(3) on behalf of himself and a Class defined as follows:

> All persons who were charged a transaction fee for the use of the ATM to conduct
> an electronic funds transfer.

The following people are excluded from the Class: (1) any Judge or Magistrate presiding over

this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents,

successors, predecessors, and any entity in which the Defendant or their parents have a

controlling interest and its current or former employees, officers and directors; and (3) persons

who properly execute and file a timely request for exclusion from the class; and (4) the legal

representatives, successors or assigns of any such excluded persons.

15.     Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because

on information and belief, the putative class consists of hundreds of persons and is so numerous

that joinder of all putative members impracticable. The actual number of putative class members

is in the exclusive control of Defendant.

16.     Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because

questions of law and fact common to the Class predominate over any questions affecting only

individual putative members, including but not limited to:

> a.   Whether, pursuant to 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. § 205.16,
>      Defendant was an ATM operator of the ATM; and
>
> b.   Whether Defendant failed to comply with the notice requirements of 15 U.S.C. §
>      1693b(d)(3) and 12 C.F.R. § 205.16(c).

17.     Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because

Plaintiff's claims are typical of the claims of other putative class members including:

a. Plaintiff and the putative class members all used the ATM, which was operated by Defendant;

b. Defendant failed to provide notice compliant with 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) to Plaintiff and the putative class members; and

c. Defendant illegally imposed a fee on Plaintiff and all putative class members for their respective use of the ATM.

18. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class action litigation. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

19. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because the damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by the actions of Defendant. It would be virtually impossible for the individual members of the Class to obtain effective relief from the misconduct of Defendant. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

## COUNT I
### VIOLATION OF THE EFTA AND REGULATION E
### (On Behalf of Plaintiff and the Class)

20. Plaintiff incorporates by reference the foregoing paragraphs.

21. Pursuant to 15 U.S.C. § 1693b(d)(3)(D)(i), Defendant was an ATM operator at all times relevant to this action.

22. Defendant operated the ATM and directly received the $2.50 withdrawal fee illegally imposed on users of the ATM.

23.     Plaintiff is a "consumer" as defined by 12 C.F.R. § 205.2(e).

24.     At all times relevant to this action, Plaintiff and all others similarly situated, were "consumer(s)" of Defendant's ATM host transfer services.

25.     Defendant failed to comply with 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) when providing ATM services to Plaintiff and all putative class members.

26.     Defendant failed to disclose or post any fee amount on the outside of the ATM, but charged Plaintiff and the putative class members a fee amount of $2.50.

27.     Pursuant to 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. § 205.16(e), Defendant illegally imposed a fee on Plaintiff and all putative class members for their use of the ATM.

28.     By reason of the foregoing acts, Plaintiff and all putative Class members sustained injury, damage, and loss based on Defendant's unlawful violation of 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all members of the Class, requests that the Court:

A.      Certify this case as a class action on behalf of the Class as defined above and appoint Plaintiff as the class representative and the undersigned counsel as lead counsel of this class action;

B.      Enter judgment against Standard Bank and Trust Co.;

C.      Award Plaintiff and the Class damages pursuant to 15 U.S.C. § 1693(m);

D.      Award Plaintiff and the Class reasonable costs and attorneys' fees;

E.      Award Plaintiff and the Class pre- and post-judgment interest;

F.      Enter judgment for injunctive relief, statutory and/or declaratory relief as is necessary to protect the interest of Plaintiff and Class; and

G.      Award such other or further relief as equity and justice may require.

Dated: May 17, 2011

Respectfully submitted,

NICHOLAS PEARSON, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED INDIVIDUALS,

By: /s/ Ari J. Scharg
    One of their attorneys

Jay Edelson
William C. Gray
Ari J. Scharg
EDELSON MCGUIRE, LLC
350 North LaSalle, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
jedelson@edelson.com
wgray@edelson.com
ascharg@edelson.com